UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for The use and benefit of NASATKA BARRIER, INCORPORATED d/b/a NASATKA SECURITY,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY,<br><br>　　　　　　Defendants. | **Civil Action No.**<br><br>COMPLAINT |

## COMPLAINT

Plaintiff, The United States of America, for the use and benefit of Nasatka Barrier, Inc. d/b/a Nasatka Security ("Nasatka"), seeks recovery from Defendants, International Fidelity Insurance Company and Everest Reinsurance Company ("Sureties") under 40 U.S.C. § 3131, et seq. (the "Miller Act"), and would show the Court as follows:

## JURISDICTION AND VENUE

1.　　This is an action for unpaid materials and services pursuant to the Miller Act, 40 U.S.C. § 3133.

2.　　This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 40 U.S.C. § 3133(b)(1).

COMPLAINT - 1

3. Venue is proper pursuant to 40 U.S.C. § 3133(b)(3)(B) because the federal construction project from which the prime contract and Nasatka's subcontract arose was performed at Joint Base Lewis-McChord, which is located in Pierce County, Washington. This is within the Western District of Washington.

4. Any and all conditions precedent to bringing this suit have been performed or have been waived.

**PARTIES**

5. Nasatka is a Maryland corporation whose principal place of business is in Clinton, Maryland, and at all times material hereto was authorized to conduct business in Washington.

6. International Fidelity Insurance Company is an insurance company that was incorporated and is domiciled in the State of New Jersey. Upon information and belief, Surety was and is licensed and authorized to issue payment and performance bonds in the State of Washington and for federal projects. Surety can be served through the Washington State Office of the Insurance Commissioner, Service of Legal Process, Post Office Box 40257, Olympia, Washington 98504-0257.

7. Everest Reinsurance Company is an insurance company that was incorporated and is domiciled in the State of Delaware. Upon information and belief, Surety was and is licensed and authorized to issue payment and performance bonds in the State of Washington and for federal projects. Surety can be served through the Washington State Office of the Insurance Commissioner, Service of Legal Process, Post Office Box 40257, Olympia, Washington 98504-0257.

**STATEMENT OF FACTS**

8. The United States of America ("USA"), acting through the Army, Corps of Engineers, entered into a written contract with CeSight Joint Venture ("Contractor") for contract Number: W912DW-13-C-0024, Project Name: FY2012 Access Control Point ("ACP") Infrastructure Phase I, PN 66206, JBLM, WA ("the Project").

COMPLAINT - 2

9. The Sureties, together with Contractor, as principal, furnished a Payment Bond according to 40 U.S.C. § 3131, to ensure prompt payment to subcontractors and suppliers furnishing labor, materials, or both in the prosecution of the work on the Project. A true and correct copy of the Payment Bond is attached hereto as **Exhibit "A"** and incorporated herein by this reference.

10. Thereafter, Contractor entered into a subcontract with Insight Environmental, Engineering and Construction, Inc. ("IEEC"). IEEC thereafter entered into a subcontract with Nasatka for Nasatka to provide labor and materials to complete the Active (wedge) and Passive (cable) Vehicle barriers with full controls and automation and Chain Link fencing services ("the Nasatka Contract"). The original amount of the Nasatka Contract was $1,065,088.00, and approved change orders were issued thereafter in the amount of $56,451.30, for a total contract amount of $1,121,539.30. A true and correct copy of the Nasatka Contract and approved change orders is attached hereto as **Exhibit "B"** and incorporated herein by this reference.

11. Nasatka mobilized to the Project and began performing work under the Nasatka Contract.

12. IEEC began paying progress payments to Nasatka as work was performed, but in early 2014 it ceased making payments. Approximately $433,737.15 of the Nasatka Contract, including unpaid retainage, remains unpaid, due, and owing, to Nasatka, plus interest and late payment penalties.

13. The Project specifications indicate that Nasatka's submittals were to be approved by the USA Army Corps of Engineers Omaha office. During the course of the Project, Nasatka's submittals, materials, and labor were approved by the USA Army Corps of Engineers Omaha office.

14. Despite the approval by the USA Army Corps of Engineers Omaha office, in or about August 2014, Contractor and/or IEEC wrongfully rejected Nasatka's work, causing extensive delays and labor and material costs of approximately $471,867.59 plus interest and

COMPLAINT - 3

penalties for late payment. A true and correct copy of Nasatka's Invoice for additional services and materials is attached hereto as **Exhibit "C."**

15. The same relevant specifications applicable to Nasatka's scope of work were used on other USA Army Corps of Engineers projects in other locations within the United States, and CeSight and/or IEEC's rejection of Nasatka's work and interpretation of the Project specifications is inconsistent with the USA Army Corps of Engineers Omaha office's interpretation on other similar projects with the same specifications.

16. CeSight has received payment from the USA Army Corps of Engineers for Nasatka's scope of work, but has failed to make due payments to Nasatka.

17. Nasatka's scope of work reached substantial completion February 23, 2015. There is currently due progress retainage earned to date of $ 1,231,323.55 plus additional interest and penalties for late payment which continue to accrue.

## CAUSE OF ACTION – RECOVERY UNDER THE MILLER ACT

18. Plaintiff, in the name of Nasatka, re-asserts and incorporates by reference paragraphs 1-17 above as if fully stated herein.

19. As a sub-subcontractor to Contractor, Nasatka is an intended and direct beneficiary of the bond issued by Sureties under Title 40 U.S.C. § 3131 and Title 40 U.S.C. § 3133. Contractor and IEEC failed to pay Nasatka for amounts that were owed. While unnecessary under the Miller Act, Nasatka provided notice of default to both Contractor and Surety and made demand for payment on both.

20. Pursuant to the Nasatka Contract, Nasatka performed work on the Project between May 2013 and February 2015 for which payment has not been made.

21. On May 17, 2015, and within 90 days of its final furnishing, Nasatka timely served Contractor with a statutory Notice of Non-Payment demanding payment. A true and correct copy of the Notice of Non-Payment is attached hereto as **Exhibit "D."** Such notice was duly served, receipt thereof acknowledged, in compliance with Title 40 U.S.C. § 3133,

COMPLAINT - 4

accurately stated the amount claimed and the name of the party to whom the material was furnished, and otherwise complied with the provisions of the aforesaid statute.

22. On May 19, 2015, and within 90 days of its final furnishing, Nasatka timely served Sureties with a statutory Notice of Non-Payment demanding payment. A true and correct copy of the Notice of Non-Payment is attached hereto as **Exhibit "E."** Such notice was duly served in compliance with Title 40 U.S.C. § 3133, accurately stated the amount claimed and the name of the party to whom the material was furnished, and otherwise complied with the provisions of the aforesaid statute.

23. As a result, more than 90 days have expired since Nasatka last performed work, but less than a year has gone by since that time. Contractor's breach of contract also entitles Nasatka to recover retainage from Sureties, which has also now come due.

24. Nasatka is due, owing and unpaid on the Project the sum of $1,231,323.55, together with continually accruing interest and penalties, attorneys' fees and costs.

25. Nasatka's suit has been timely filed within one year of the last furnishing of labor and materials.

26. Sureties are liable for Nasatka's attorneys' fees pursuant to the terms of the Miller Act and Washington Statutes, as applicable.

27. Nasatka has performed all prerequisites under the Payment Bond and applicable law, and is entitled to recover the full amount due and owing.

WHEREFORE, Plaintiff, The United States of America, for the use and benefit of Nasatka Barrier, Inc. d/b/a Nasatka Security, requests that this Court enter a judgment against Defendants, International Fidelity Insurance Company and Everest Reinsurance Company, for damages in the amount of $1,231,323.55, together with continually accruing interest and penalties, costs and attorneys' fees, and for such further and other relief as this Court deems just and proper.

COMPLAINT - 5

| | |
|---|---|
| 1 | DATED: February 19th, 2016. |
| 2 | STOEL RIVES LLP |

s/Karl F. Oles
Karl F. Oles, WSBA No. 16401
karl.oles@stoel.com

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone:  (206) 624-0900
Facsimile:  (206) 386-7500

Attorneys for Plaintiff

COMPLAINT - 6